Justin D. Leigh, Washington Attorney No. 55307
THE LAW OFFICE OF JUSTIN D. LEIGH
P.O. Box 855
Goldendale, WA 98620
509-426-4415

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHADY KNOLL ORCHARDS & DISTILLERY LLC; PETER WRIGHT; and CHRIS BAUM, <br><br> Plaintiffs, <br><br> v. <br><br> BOB FERGUSON, Attorney General of Washington; and DAVID POSTMAN, Chairperson of the Washington Liquor and Cannabis Commission, <br><br> Defendants. | CASE NO. <br><br> **COMPLAINT** <br><br> 42 U.S.C. § 1983 (COMMERCE CLAUSE) |

## COMPLAINT

Plaintiffs make the following allegations based upon information and belief, except for the allegations pertaining to Plaintiffs, which are based upon personal knowledge.

## INTRODUCTION

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 challenging the constitutionality of Washington laws, rules, and practices that: (a) allow in-state

COMPLAINT - PAGE 1 OF **14**

distilleries to sell, deliver, and ship distilled products directly to consumers but prohibit out-of-state distilleries in New York and other states from doing so; and (b) allow in-state distillers to self-distribute directly to Washington full on-premises, limited on-premises, and off-premises sales licensees as well as other retail establishments licensed by the Washington State Liquor and Cannabis Board ("WSLCB") but prohibit out-of-state distillers from engaging in the same self-distribution activities. An out-of-state distillery, such as Shady Knoll Orchards & Distillery LLC ("Shady Knoll"), and many other distilleries throughout the United States, are prohibited from selling, shipping, and delivering to Washington consumers because this practice is illegal under Washington law. Likewise, an out-of-state New York craft distiller such as Shady Knoll, together with every distillery located outside of the State of Washington, cannot directly distribute distilled products to Washington on-premises sales licensees and other retail establishments because this practice is also illegal. Because of this prohibition, consumers in Washington are denied access to many distilled products sold in other states. Accordingly, the Plaintiffs seek a declaratory judgment with regard to these two (2) regulatory schemes on the basis that they both unconstitutionally violate the Commerce Clause and discriminate against out-of-state craft distilleries engaged in interstate commerce. Furthermore, the Plaintiffs seek an injunction barring the Defendants from enforcing these laws, rules, and practices while also requiring the

COMPLAINT - PAGE 2 OF **14**

Defendants to: (a) allow out-of-state distilleries to sell, ship, and deliver distilled products to Washington consumers upon the equivalent terms as in-state craft distilleries; and (b) allow out-of-state distillers to self-distribute craft distilled products to Washington full on-premises, limited on-premises, and off-premises sales licensees as well as other WSLCB-licensed retail establishments, and (c) allow consumers in Washington to purchase products directly from out-of-state distillers and have them delivered.

## JURISDICTION

1. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), which confer original jurisdiction on federal district courts to hear suits alleging the violation of rights and privileges under the United States Constitution.

2. This Court has authority to grant declaratory and other relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## PLAINTIFFS

3. Consumer Plaintiff Peter Wright ("Wright") is a resident of White Salmon, Klickitat County, Washington, and is over twenty-one years of age.

4. Consumer Plaintiff Chris Baum ("Baum") resides in Naches, Yakima County, Washington. He is over twenty-one years of age.

5. Shady Knoll is a New York distiller that operates a small distillery in

Millbrook, New York, that engages in internet sales. Consumers from all over the United States, including many from Washington, enjoy Shady Knoll's offerings. The company has developed long-term relationships with customers to whom it makes sales of special craft distilled products along with customers who wish to have its distilled products shipped directly to them. Shady Knoll has received requests that it sell, ship, and deliver distilled products directly to Washington consumers, but Shady Knoll unable to lawfully fulfill these requests.

5.  Shady Knoll maintains an Internet website and handles deliveries and shipping of distilled products that are lawfully purchased from its online store.

6.  Shady Knoll would like to self-distribute products directly to Washington retail licensees such as liquor stores and restaurants without the use of a wholesaler. Self-distribution, if allowed, would provide great cost savings to Shady Knoll.

7.  Shady Knoll intends to sell, ship, and deliver distilled products directly to Washington consumers, such as Plaintiffs Peter Wright and Chris Baum, if the laws and regulations prohibiting such sales and shipments are removed or declared unconstitutional.

8.  Defendants currently enforce Washington alcoholic beverage laws, including those that prohibit out-of-state distillers from selling and shipping spirits to consumers and self-distributing their products to Washington retail establishments.

9.  Shady Knoll intends to sell and self-distribute distilled products to

COMPLAINT - PAGE 4 OF **14**

Washington full on-premises, on-premises, and off-premises sales licensees and retail establishments if the laws prohibiting such sales and distribution are removed or otherwise declared unconstitutional.

10. Plaintiff Shady Knoll intends to pay all taxes that may be due on such interstate sales and self-distribution shipments and shall comply with all other non-discriminatory Washington state laws and regulations, including obtaining an applicable license if one were made available.

## **DEFENDANTS**

11. Defendants are sued in their official capacities.

12. Defendant David Postman is the Chairperson of the Washington Liquor and Cannabis Commission, which is charged with enforcing Washington liquor control laws, rules, and practices, including the ones challenged in this lawsuit, pursuant to WAC. § 314-23-030.

13. Defendant Bob Ferguson is the Attorney General of Washington and is generally empowered to enforce Washington laws. The Attorney General: (a) oversees state law enforcement agencies; (b) is responsible for legal services, advice and representation of Washington State boards and commissions; (c) is the state official authorized to bring an enforcement action in federal court under the Twenty-first Amendment Enforcement Act, 27 U.S.C. 122a; and (d) is responsible for addressing issues of the constitutionality of state laws.

14. Defendants are acting under color of state law when they enforce or supervise the enforcement of the statutes and regulations challenged herein.

## Count I: Commerce Clause Violation

15. Plaintiffs repeat and re-allege paragraphs 1-14 as if set out fully herein.

16. There are four (4) "In-State Spirits/Distillery" licenses permitted under Washington State law: (a) the "Distiller/Rectifier" license; (b) the "Fruit and/or Wine Distiller" license; and (c) the "Craft Distillery" license. Each license gives the license holder the privilege to sell, ship, and deliver directly to Washington consumers the distilled products that it produces under the direct shipper permit statute provided for in W.A.C. § 314-23-030 and W.A.C. 66.24.640.

17. There is no license available in Washington that could be issued to out-of-state distillers to allow for sales, shipment, and direct delivery of distilled products to Washington consumers.

18. Shady Knoll is not located in Washington and is therefore prohibited by law from selling, delivering, or shipping distilled products from its inventory directly to consumers in Washington under W.A.C. § 314-23-030, R.C.W 66-24-640, R.C.W. 66-24-145, R.C.W 66-24-140, together with the enforcement practices of Defendants.

19. Defendants and other law enforcement agencies in Washington are obligated to and currently enforce the aforementioned laws and rules that prohibit

COMPLAINT - PAGE 6 OF **14**

distilleries located outside of Washington from selling, delivering, and shipping distilled products directly to Washington consumers.

20. Peter Wright is a distilled product consumer who wants the opportunity to buy distilled products directly from Shady Knoll and other distillery producers located outside of Washington, including distillers that produce small quantities of craft spirits, and to have these products delivered to his residence.

21. Some distilled products that Wright wants to buy are only available directly from non-Washington distilled spirits producers. This includes older and aged products, distilled products not distributed in Washington, and distilled products that were formerly distributed in Washington but have sold out.

22. Wright has attempted to purchase spirits directly from several out-of-state distillery producers, including Shady Knoll, either on the Internet or by phone, that he cannot find locally, and have them shipped to him. However, he is unable to complete these transactions.

23. Consumer Plaintiff Chris Baum likewise has attempted to purchase distilled products, which he could not find locally, from distillery producers located outside of Washington, and have them shipped to him, but has been unable to complete these transactions because they are unlawful.

24. Some distilled products that Baum wants to purchase are only made available directly from the non-Washington distilled producers. This includes older,

COMPLAINT - PAGE 7 OF 14

1  aged spirits, distilled products not distributed in Washington, and distilled products

2  that were formerly distributed in Washington but have sold out.

3  25.    Many distilleries throughout the United States who have limited

4  production, and specialized distilled products sell directly to consumers either by

5  direct shipping or on their premises, but are located outside of Washington.

6  Consumer Plaintiffs cannot afford the time and expense of traveling great lengths to

7  out-state distillery producers to purchase a few bottles of distilled products and

8  personally transport them home.

9  26.    In order to sell its products in Washington, Shady Knoll is forced to use

10 Washington wholesaler entities, which substantially increases the price of its

11 products, which, as a result, makes them less competitive with in-state distillers that

12 can sell directly to consumers without the additional mark-up imposed by

13 distributors.

14 27.    In order to reduce the price to consumers and make their products more

15 competitive, Shady Knoll must sell its offerings to wholesalers at a large discount,

16 which substantially reduces the company's profits. The aright to engage in direct

17 shipping, however, would provide significant cost-savings to Shady Knoll and

18 would likewise make its offerings more competitive with Washington products by

19 eliminating the wholesaler markup.

20 28.    Shady Knoll has received requests from consumers in Washington that it

sell and ship spirits directly to them, but the company cannot do so because direct shipments are unlawful under Washington law. As a result, Shady Knoll foregoes the realization of any revenue it would have made on such sales.

29.     The Plaintiffs cannot complete the transactions described in paragraphs 20-28 because the laws, regulations, and practices of Washington prohibit direct sales and shipments of distilled products from out-of-state distillery producers to in-state consumers and, correspondingly, state officials will not issue any kind of license or permits that would allow such transactions.

30.     If Plaintiff Shady Knoll was permitted to sell, ship, and deliver its distilled products directly to consumers in the State of Washington by using a common carrier, it would obtain a license or permit, if one were available, and would comply with the same rules concerning labeling, shipping, reporting, obtaining proof of age, and paying taxes as are imposed upon and adhered to by in-state distilleries.

31.     If Plaintiffs Wright and Baum were permitted to receive direct shipments of distilled products from out-of-state producers, they would comply with any state regulations on reporting such shipments or remitting taxes.

32.     By refusing to allow Plaintiff Shady Knoll to sell, ship, deliver distilled products upon terms equivalent to in-state craft distillery producers, the State of Washington is: (a) discriminating against out-of-state distillers;(b) denying consumers access to the markets of other states, and (c) protecting the economic

COMPLAINT - PAGE 9 OF **14**

interest of Washington-base businesses by shielding them from interstate competition, all of which, taken together, violate the Commerce Clause of the United States Constitution.

### Count II: Commerce Clause Violation

33. Plaintiffs repeat and re-allege paragraphs 1-32 as if set out fully herein.

34. In the State of Washington, a distillery licensee may self-distribute directly to Washington full on-premises, limited on-premises, and off-premises sales licensees as well as other WSLCB-licensed retail establishments any distilled products that it produces under the provisions of W.A.C. §§ 314-23-030 and R.C.W 66-24-640.

35. Shady Knoll is not located in Washington and is therefore prohibited by law pursuant to W.A.C. § 314-23-030 from self-distributing directly to Washington full on-premises, limited on-premises, and off-premises sales licensees as well as other WSLCB-licensed retail establishments.

36. No Washington license or permit is available that would authorize Shady Knoll to self-distribute its products directly to Washington retailers from its premises.

37. Defendants and other law enforcement agencies in Washington are obligated to and currently enforce the aforementioned laws that prohibit out-of-state distillers from self-distributing directly to full on-premises, limited on-premises, and off-premises sales licensees as well as other WSLCB-licensed retail establishments.

38. If it were lawful to do so, Shady Knoll and other out-of-state distillers would distribute their own products at a huge cost savings to State of Washington retail establishments with which they have business relationships by using a common carrier.

39. If it were lawful to self-distribute to retailers, Shady Knoll would be able to offer its products directly to Washington retailers without the wholesaler mark-up and, accordingly, at a price competitive with that of similarly situated Washington distillers.

40. At present, Shady Knoll is forced to use wholesaler entities at significant additional cost to make available their products to Washington on-premises sales and retail licensees, whereas their counterpart in-state Washington distillers are not required to make such expenditures. Self-distribution would provide significant cost-savings to out-of-state distillers, reduce the competitive advantage Washington gives to in-state distillers, and eliminate distribution inefficiencies caused by the business practices of wholesalers, which structurally favor large-volume producers.

41. Shady Knoll cannot complete the transactions described in paragraphs 35-40 because Washington prohibits self-distribution from out-of-state distilleries to in-state full on-premises, limited on-premises, and off-premises sales licensees as well as other WSLCB-licensed retail establishments, and, furthermore, state officials will not issue any kind of license that would allow such transactions.

42. If Shady Knoll were permitted to sell and self-distribute its products directly to full on-premises, limited on-premises, and off-premises sales licensees and other WSLCB-licensed retail establishments in the State of Washington, it would obtain a license, if one were available, and would comply with all nondiscriminatory rules concerning labeling, shipping, reporting, and paying taxes that are imposed upon and adhered to by in-state distillers.

43. By refusing to allow Shady Knoll to sell and self-distribute distilled products upon equivalent terms as in-state distillers, the State of Washington is discriminating against out-of-state distilleries and protecting the economic interest of Washington-based businesses by shielding them from interstate competition, in violation of the Commerce Clause of the United States Constitution.

**Prayer For Relief**

WHEREFORE, Plaintiffs seek the following relief:

A. Judgment declaring Washington law, rules, and practices that prohibit out-of-state producers from selling, shipping, and delivering distilled products directly to a Washington consumer unconstitutional as a violation of the Commerce Clause of the United States Constitution.

B. Judgment declaring Washington law, rules, and practices that prohibit out-of-state producers from selling and self-distributing directly to Washington full on-premises, limited on-premises, and off-premises sales licensees and other WSLCB-

licensed retail establishments unconstitutional as a violation of the Commerce Clause of the United States Constitution.

C.     Judgment declaring that Washington law, rules and practices that limit the issuance of licenses with direct shipping privileges to distillers located in Washington only, is unconstitutional as a violation of the Commerce Clause of the United States Constitution.

D.     An injunction prohibiting Defendants from enforcing those rules and regulations; and requiring Defendants to allow out-of-state distilleries to obtain licenses and to sell, ship, and deliver craft distilled products directly to customers and to self-distribute their products to full on-premises, limited on-premises, and off-premises sales licensees and other WSLCB-licensed retail establishments in Washington.

E.     Plaintiffs do not request that Washington State be prohibited from requiring licenses for out-of-state distilleries to direct ship and to self-distribute.

F.     Plaintiffs do not request that Washington State be enjoined from collecting any tax due on the sale of distilled products.

G.     An award of costs and expenses, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

H.     Such other relief as the Court deems appropriate to afford Plaintiffs full relief.

COMPLAINT - PAGE 13 OF **14**

Dated, June 15, 2023,
Attorneys for Plaintiffs

/s/ Justin D. Leigh
Justin D. Leigh, Washington Attorney No. 55307
justindleigh@gmail.com
The Law Office of Justin D. Leigh
P.O. Box 855
Goldendale, WA
Tel: 509-426-4415

/s/ Robert D. Epstein
Robert D. Epstein, Indiana Attorney No. 6726-49
Rdepstein@aol.com
EPSTEIN SEIF PORTER & BEUTEL
50 S. Meridian St., Suite 505
Indianapolis, IN 46204
Tel:  317-639-1326
Fax:  317-638-9891

/s/ James A. Tanford
James A. Tanford, Indiana Attorney No. 16982-53
Tanford@indiana.edu
EPSTEIN SEIF PORTER & BEUTEL
50 S. Meridian St., Suite 505
Indianapolis, IN 46204
Tel:  812-332-4966
Fax:  317-638-9891

COMPLAINT - PAGE 14 OF **14**