FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 17, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHADY KNOLL ORCHARDS & DISTILLERY LLC, PETER WRIGHT, and CHRIS BAUM,<br><br>Plaintiffs,<br><br>v.<br><br>JIM VOLLENDROFF, Chairperson of the Washington Liquor and Cannabis Commission,<br><br>Defendant. | NO. 1:23-CV-3093-TOR<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are Plaintiffs' Motion for Summary Judgment (ECF No. 27) and Defendant's Cross-Motion for Summary Judgment (ECF No. 32). These matters were submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Plaintiffs' Motion for Summary Judgment (ECF No. 27) is **DENIED** and Defendant's Cross-Motion for Summary Judgment (ECF No. 32) is **GRANTED**.

ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT ~ 1

## BACKGROUND

The following facts are not disputed. Like many states, Washington separates the manufacture, distribution, and retail of alcoholic beverages. ECF No. 32-1 at ¶ 7. Manufacturers produce and sell their products to distributors which in turn resell the products to retailers who may sell alcohol directly to consumers. *Id.* at ¶ 8. When it comes to Washington distilleries, three types of licenses are available: the "Distiller/Rectifier" license, the "Fruit and/or Wine Distiller" license, and the "Craft Distillery" license. ECF No. 32-2 at ¶ 22. Each license allows a distillery to act as both a retailer and distributor and permits the shipment of its own products directly to consumers. RCW §§ 66.24.640, 66.20.410(1). A distillery holding such a license and operating as a retailer must comply with all applicable laws regulating retailers including the requirement that the distillery have a physical presence within the state that is available for inspection by state regulators. ECF No. 32-1 at ¶ 10. The result is that only distilleries with a physical presence in Washington may obtain a license to directly sell their products to Washington consumers. *Id.* at ¶¶ 8,9. Thus, it is unlawful under Washington State law for out-of-state distilleries with no physical presence in Washington to distribute distilled products directly to Washington consumers.

Shady Knoll Orchards & Distillery LLC ("Shady Knoll") is a New York distiller operating a small distillery in Millbrook, New York. ECF No. 28 at ¶ 1.

ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT ~ 2

Shady Knoll engages in online sales and distributes its distilled products directly to consumers across the United States. *Id.* ¶¶ 3,4. However, Shady Knoll is unable to sell its products directly to Washington consumers because it does not have a physical presence in Washington. *Id.* at ¶ 9. Peter Wright ("Wright") and Chris Baum ("Baum") both live in Washington State and enjoy craft distilled products. ECF No. 28 at ¶¶ 6,8. Wright and Baum have both attempted to purchase craft distilled products from distilleries outside of Washington, including Shady Knoll, but have been unable to do so due to Washington's laws. *Id.* ¶¶ 8,9.

Shady Knoll, Wright, and Baum (collectively "Plaintiffs") brought this action on June 20, 2023, challenging the constitutionality of Washington's physical presence requirement. ECF No. 1. Both Plaintiffs and Defendant now move for summary judgment as to Plaintiffs' claims.

## DISCUSSION

As a threshold matter, the parties do not dispute that Plaintiffs have standing for Article III purposes.

### I. Summary Judgment Standard

The Court may grant summary judgment in favor of a moving party who demonstrates "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the court must only consider admissible

evidence. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). The party moving for summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to identify specific facts showing there is a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). Summary judgment will be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

**II. Analysis**

**1. Washington's physical presence requirement is not discriminatory.**

Plaintiffs argue that Washington's physical presence requirement discriminates against out-of-state distilleries in violation of the Commerce Clause. ECF No. 27 at 8. The Commerce Clause of the Constitution provides that "[t]he Congress shall have Power . . . [t]o regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes." U.S. CONST. art. I, § 8, cl. 3. "[T]he modern law of what has come to be called the dormant Commerce Clause is driven by concern about 'economic protectionism that is, regulatory measures designed to benefit in-state economic interests by burdening out-of-state competitors.'" *Dep't of Revenue of Ky. v. Davis*, 553 U.S. 328, 337 (2008)

ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT ~ 4

(quoting *New Energy Co. of Ind. v. Limbach*, 486 U.S. 269, 273-74 (1988)). Under the dormant Commerce Clause, "if a state law discriminates against out-of-state goods or nonresident economic actors, the law can be sustained only on a showing that it is narrowly tailored to 'advanc[e] a legitimate local purpose.'" *Tenn. Wine & Spirits Retailers Ass'n v. Thomas*, 588 U.S. 504, 518 (2019) (quoting *Dep't of Revenue of Ky.*, 553 U.S. at 338).

How states may regulate the transportation and distribution of alcohol is treated somewhat differently than other types of goods due to Section 2 of the Twenty-first Amendment which provides as follows:

> "The transportation or importation into any State, Territory, or possession of the United States for delivery or use therein of intoxicating liquors, in violation of the laws thereof, is hereby prohibited."

U.S. Const. amend. XXI, § 2.

Supreme Court case law has extensively analyzed the interplay between Section 2 and the Commerce Clause. "To summarize, the Court has acknowledged that § 2 grants States latitude with respect to the regulation of alcohol, but the Court has repeatedly declined to read § 2 as allowing the States to violate the [Commerce Clause] 'nondiscrimination principle' that was a central feature of the regulatory regime that the provision was meant to constitutionalize." *Tenn. Wine*, 588 U.S. at 533 (quoting *Granholm v. Heald*, 544 U.S. 460, 487 (2005)). Thus, while states

1  may not discriminate against nonresidents, the normal two-step inquiry under the

2  dormant Commerce Clause is modified where Section 2 is implicated.  *Id.* at 539.

3  "First, when a plaintiff challenges the constitutionality of state liquor regulations

4  pursuant to the Commerce Clause, the court must address whether the challenged

5  statutory scheme is nondiscriminatory."  *Day v. Henry*, 129 F.4th 1197, 1204 (9th

6  Cir. 2025).  If it is not, the inquiry ends there and laws are deemed constitutional.

7  *Id.*  "However, if the laws *are* discriminatory, the court then asks 'whether the

8  challenged requirement can be justified as a public health or safety measure or on

9  some other legitimate nonprotectionist ground.'  If so, the schemed is

10 constitutional despite its discriminatory nature."  *Id.* (quoting *Tenn. Wine*, 588 U.S.

11 at 539) (internal citation omitted).

12      In assessing the first step of the inquiry, a court looks to whether the

13 statutory scheme "regulates evenhandedly with only 'incidental' effects on

14 interstate commerce, or discriminates against interstate commerce."  *Hughes v.*

15 *Oklahoma*, 441 U.S. 322, 336 (1979).  Discrimination means "differential

16 treatment of in-state and out-of-state economic interests that benefits the former

17 and burdens the latter."  *Or. Waste Sys., Inc. v. Dep't of Env't Quality of Or.*, 511

18 U.S. 93, 99 (1994).  "[T]he 'differential treatment' must be as between persons or

19 entities who are similarly situated."  *Black Star Farms LLC v. Oliver*, 600 F.3d

20 1225, 1230 (9th Cir. 2010).  A statutory scheme may be discriminatory if it

ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT ~ 6

1  discriminates against out-of-state interests either on its face, in its purpose, or in
2  practical effect. *Day*, 129 F.4th at 1204.

3  Here, Plaintiffs argue that Washington law undoubtedly discriminates
4  against out-of-state distilleries because Washington will only issue licenses that
5  permit the shipping of spirits directly to Washington consumers to in-state
6  distilleries. ECF No. 27 at 9. The facts of this case are similar to the facts of *Day*
7  *v. Henry*, a case out of Arizona that the Ninth Circuit only just decided after
8  Plaintiffs summary judgment briefings were already submitted. In that case, the
9  plaintiffs were Arizona residents challenging Arizona's statutory scheme that only
10 permits wine retailers with a physical presence in the state to ship alcohol directly
11 to consumers. *Day*, 129 F.4th at 1201. However, the Arizona law went even
12 further and required retailers to hold their licenses through an Arizona resident and
13 required an Arizona resident manage the in-state premises. *Id.* Arizona's
14 regulatory scheme is similar to Washington's in that Arizona separates the
15 regulation of alcohol into three tiers: producers, wholesalers, and retailers. *Id.* at
16 1200. But unlike Washington, all liquor imported into Arizona must first pass
17 through a wholesaler and be held by the wholesaler for at least twenty-four hours
18 prior to being sold to a licensed retailer. *Id.* Licensed retailers must have a
19 physical presence in Arizona and may only purchase products from wholesalers or
20 a handful of other sources as defined under Arizona law, and only licensed retailers

ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT ~ 7

may ship wine directly to consumers, with a few narrow exceptions. *Id.* at 1201. The result is similar to Washington in that out-of-state retailers cannot ship directly to consumers while in-state licensed retailers can. *Id.* As is the case here, the plaintiffs in *Day* argued the physical presence requirement violated the dormant Commerce Clause because it discriminated against out-of-state retailers by effectively banning them from obtaining a license to sell directly to Arizona consumers. *Id.* An Arizona district court disagreed, and the Ninth Circuit affirmed.

In performing the two-step dormant Commerce Clause inquiry, the Arizona district court found that because out-of-state retailers were not similarly situated to in-state retailers and the physical premise requirement had an evenhanded application, the plaintiffs failed to show the Arizona laws were even in fact discriminatory. *Day v. Henry*, F. Supp. 3d 887, 896 (D. Ariz. 2023), *aff'd*, 129 F.4th 1197 (9th Cir. 2025). The Ninth Circuit affirmed homing in on the evenhanded application of the regulations.

> While Plaintiffs claim that Arizona "directly discriminates" against out-of-state retailers because it "issues licenses to in-state retailers that permit them to sell wine online and ship it to consumers" in Arizona but "will not issue similar licenses or give similar shipping privileges to out-of-state retailers," this argument distorts the issue. Arizona gives *licensed* retailers the privilege of directly shipping to customers. The requirement that a retailer establish a physical premise in Arizona that is managed by an Arizona resident to obtain a license applies to all retailers, not just those based in another state. There is no clear-cut "in-

ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT ~ 8

state" and "out-of-state" divide in the manner that Plaintiffs characterize the issue.

*Day*, 129 F.4th at 1206.

Similarly here, Plaintiffs argue that while the ban on out-of-state distilleries is not explicitly stated in the regulations, its application carries a discriminatory effect. ECF No. 27 at 4. And also similar to the plaintiffs in *Day*, Plaintiffs here argue that the discrimination lies in Washington's refusal to issue licenses to out-of-state distilleries that permit them to ship products directly to Washington consumers. *Id.* at 5. While Washington's regulations differ from Arizona in that Washington does not require that liquor first pass through a wholesaler prior to reaching a retailer, Washington's regulations requiring a physical presence in Washington apply evenhandedly to in-state and out-of-state retailers as was the case in *Day*. ECF No. 32-1 at 9.

Plaintiffs attempt to argue that the issue here concerns producers, not retailers, however, distillers licensed to sell their products directly to consumers are acting and regulated as retailers under Washington law. RCW §§ 66.24.640, 66.24.140(2)(a). This applies to *all* distilleries, whether in-state or out-of-state. *Id.* Thus, Shady Knoll must comply with Washington's laws regulating retailers to obtain a license to sell its products directly to Washington consumers, and retailers of liquor are required to have a physical presence in Washington readily available

ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT ~ 9

1  for inspection by state regulators.  RCW § 66.28.090; ECF No. 32-1 at ¶ 10.  These

2  on-premise inspections include liquor compliance checks, financial records related

3  to the business, alcohol samples, and unlawful alcohol seizures.  *Id.* at ¶ 11.

4     Plaintiffs rely heavily on the argument that the Supreme Court's decision in

5  *Granholm v. Heald*, 544 U.S. 460 (2005) controls here (ECF No. 33 at 3), but this

6  is not the sort of disparate treatment between in-state and out-of-state entities that

7  constitutes prohibited discriminatory conduct as addressed in *Granholm*.

8  *Granholm*, 544 U.S. at 474-475 (holding New York law discriminatory where its

9  three-tier system made exceptions to in-state wineries not afforded to out-of-state

10 wineries).  The parties in *Day* also relied on *Granholm*, particularly the language,

11 "in-state presence requirements run contrary to our admonition that States cannot

12 require an out-of-state firm to become a resident in order to compete on equal

13 terms." *Day*, 129 F.4th at 1206 (quoting *Granholm*, 544 U.S. at 475).  But the

14 Ninth Circuit refused to apply the Court's language to the circumstances of the

15 case because "*Granholm* made those comments in the context of reviewing a New

16 York statutory scheme that created a discriminatory *exception* to the three-tier

17 scheme." *Id.*  Rather, the Ninth Circuit cited to the Second Circuit's reasoning that

18 "*Granholm* validates evenhanded state policies regulating the importation and

19 distribution of alcoholic beverages under the Twenty-First Amendment.  It is only

20 where the states create discriminatory exceptions to the three-tier system . . . that

ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT ~ 10

1  their laws are subject to invalidation based on the Commerce Clause." *Id.* (quoting

2  *Arnold's Wine, Inc. v. Boyle*, 571 F.3d 185, 190 (2d Cir. 2009).  Thus, the Ninth

3  Circuit declined to construe *Granholm* as prohibiting a state from implementing a

4  physical presence requirement as a matter of law.  *Day*, 129 F.4th at 1206.

5      Washington may follow a modified three-tier system, but the same principle

6  laid out *Day* applies.  Plaintiffs have not demonstrated that Washington law creates

7  an exception to Washington's regulatory scheme for in-state distilleries that out-of-

8  state distilleries must otherwise be subjected to.  Washington's licensing

9  requirements for distilleries functioning as retailers applies evenhandedly to in-

10 state and out-of-state actors.

11     For these reasons, the Court finds Plaintiffs have not met their burden in

12 showing that Washington's licensing laws are discriminatory against out-of-state

13 distilleries, therefore, the Court's inquiry ends at step one and Plaintiffs' claims

14 must fail.

15     **III.**    **Washington's licensing fee**

16     Plaintiffs bring an additional claim in their summary judgment motion

17 challenging RCW § 66.24.14(1)(a) governing licensing fees.  The license fee for

18 distillers within Washington is generally $2000 per year, however, for "distillers

19 producing one hundred fifty thousand gallons or less of spirits with at least half of

20 the raw materials used in the production grown in Washington," the license fee is

ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT ~ 11

reduced to $100. RCW § 66.24.14(1)(a). Plaintiffs argue for the first time in their summary judgment motion that this also discriminates against out-of-state distillers and serves no other purpose than protectionism. ECF No. 27 at 19-20. Defendant does not address this argument but rather requests the Court disregard it because Plaintiffs failed to make this claim in their Complaint or through any amended pleadings. ECF No. 32 at 39-40. The Court agrees and declines to consider Plaintiffs' belated additional claim. *Navajo Nation v. U.S. Forest Service*, 535 F.3d 1058 (2008) ("[O]ur precedents make clear that where, as here, the complaint does not include the necessary factual allegations to state a claim, raising such claim in a summary judgment motion is insufficient to present the claim to the district court.").

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion for Summary Judgment (ECF No. 27) is **DENIED**.

2. Defendant's Cross-Motion for Summary Judgment (ECF No. 32) is **GRANTED**.

The District Court Executive is directed to enter this Order and Judgment accordingly, furnish copies to counsel, and CLOSE the file.

DATED April 17, 2025.



THOMAS O. RICE
United States District Judge

ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT ~ 12