FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 27, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHADY KNOLL ORCHARDS & DISTILLERY LLC, PETER WRIGHT, and CHRIS BAUM,<br><br>Plaintiffs,<br><br>v.<br><br>JIM VOLLENDROFF, Chairperson of the Washington Liquor and Cannabis Commission,<br><br>Defendant. | NO. 1:23-CV-3093-TOR<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION |

BEFORE THE COURT is Plaintiffs' Expedited Motion for Reconsideration. ECF No. 38. This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. Plaintiffs' Expedited Motion for Reconsideration (ECF No. 38) is DENIED.

ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION ~ 1

## DISCUSSION

### A. Reconsideration Standard

A motion for reconsideration of a judgment may be reviewed under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment). *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id.* at 1263; *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009) (citation omitted). Whether to grant a motion for reconsideration is within the sound discretion of the court. *Navajo Nation v. Confederated Tribes and Bands of the Yakima Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

As a rule, a court should be "loathe" to revisit its own decisions "in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (internal citation omitted). This principle is embodied in the law of the case doctrine, under which "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *United States v. Alexander*,

106 F.3d 874, 876 (9th Cir. 1997) (quoting *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993)).  While the district court possesses inherent power to reconsider and amend previous orders, this is an extraordinary remedy that should be used sparingly in the interests of finality and conservation of judicial resources.

### B.  Plaintiff's Arguments for Reconsideration

Plaintiffs' Motion for Reconsideration argues that it did not have the case law of *Day v. Henry*, 129 F.4th 1197, 1204 (9th Cir. 2025) during its briefing.

Plaintiffs have raised no issues which would require this Court to reconsider its decision.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Plaintiffs' Expedited Motion for Reconsideration (ECF No. 38) is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.  The file remains **CLOSED**.

**DATED** May 27, 2025.



THOMAS O. RICE
United States District Judge

ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION ~ 3